UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

*ORiginal for SCANNING & filing*

-------------------------------------------------------------------X

Docket no: 18-cr-452

Lidya Maria Radin,

**NOTICE OF
OMIBUS MOTIONS: TO DISQUALIFY
AUSA GRIBKO, JUDGE THOMPSON, &
COURT-APPOINTED ATTORNEY DAVIS,
& MOTION TO COMPEL
GOVERNMENT TO SERVE
"AT CALL" AUDIO/ TRANSCRIPTS, &
MOTION FOR 60 DAY ADJOURNMENT
TO ALLOW THE GOVERNMENT
SERVE & TO FIND A NEW ATTORNEY,
& PENDING REVIEW BY A CERTIFIED
ADA ADVOCATE, & OTHER RELIEF.**

**RECEIVED**

OCT 26 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

-against-

**ORAL ARGUMENT ON THESE MOTIONS
IS DEMANDED.**

U.S.A

-------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that upon the annexed Motion and the affidavit/declaration of Lidya Maria Radin, dated the 24th day of October 2018, and upon all the pleadings, submissions, and proceedings heretofore had incorporated herein by reference, the undersigned will move this Court at a term thereof to be held at the courthouse located at 402 East State Street, Room, Trenton, New Jersey, 08608, telephone, on the

_____day of _____, 2018, at 9:30 o'oclock in the forenoon of that date, or as soon thereafter as can be heard:

1. For an Order compelling the Government to serve Me with the audio recordings and the transcripts of "the AT CALLS" from 10/25/2017, 11/16/2017, and from 12/7/2017, and any and all other connected and/or associated materials, and,

2. For an Order granting a 60 day adjournment to allow the Government to serve Me with the items in paragraph 1 and any and all other connected and/or associated materials, and, to find another attorney and pending a review and report by a certified ADA Advocate ( Americans with Disability) Advocate, to attorneys in Washington D.C., and,

3. For an Order striking AUSA Gribko's papers filed in this case on 10/12/2018 for fraud on the Court by a court officer, and,

4. For an Order sanctioning AUSA Gribko, and,

5. for such other and further relief as justice demands including the costs associated with making this Motion.

Please take further notice that answering papers are to be served at least seven days before the return date of this motion.

Dated:  October 24, 2018
       New York, New York

Yours,

*Lidya Maria Radin*

Lidya Maria Radin
c/o Friendly
203 W. 107th Street, # 8A
New York, New York 10025
Telephone: 516-445-4390
Email: radin.lidya2@gmail.com

**TO:**

United States Attorney's Office,
AUSA Gribko
402 E. State Street
Trenton, New Jersey 08608

Clerk of Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608
~~Telephone: 609-989-2114~~

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X

Docket no:  18-cr-452

Lidya Maria Radin,

**OMIBUS MOTIONS:
TO DISQUALIFY
AUSA GRIBKO,  JUDGE THOMPSON,
COURT-APPOINTED ATTORNEY DAVIS,
& MOTION TO COMPEL
GOVERNMENT TO SERVE
"AT CALL"  AUDIO/ TRANSCRIPTS,  &
MOTION FOR 60 DAY ADJOURNMENT
TO ALLOW THE GOVERNMENT
SERVE & TO  FIND  A NEW ATTORNEY,
&  PENDING REVIEW BY A CERTIFIED
ADA ADVOCATE,  & OTHER RELIEF.**

-against-

**ORAL ARGUMENT ON THESE MOTIONS
DEMANDED.**

U.S.A.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF OMIBUS MOTIONS:  TO DISQUALIFY AUSA
GRIBKO, JUDGE THOMPSON, & COURT-APPOINTED ATTORNEY DAVIS, & MOTION TO
COMPEL GOVERNMENT TO SERVE   "AT CALL"  AUDIO/ TRANSCRIPTS,  & MOTION FOR 60
DAY ADJOURNMENT TO ALLOW THE GOVERNMENT TO SERVE & TO FIND A NEW
ATTORNEY, & PENDING REVIEW BY A CERTIFIED ADA ADVOCATE, & OTHER RELIEF.**

**Brief statement of the Immediate Issue:**   In his latest scam, dishonest prosecutor Gribko misconstrued **Notice
of Appeal**, item # 1 on the docket sheet in this case, as an **Appellant Brief**  in a fraud to limit my arguments on
review.

**Details:**  I did not file an appellant brief on 08/02/2018, see docket item  # 1 in this case.  I filed a Notice of
Appeal on 08/02/2018, see docket item # 1 in this case.  The footer on the bottom of my paperwork in this case
on docket item # 1 reads  "**notice.8.2.2018**".

In addition to my Notice of Appeal on 08/02/2018, I reported honest services fraud, 18 USC section 4, to Judge
Thompson and moved the Court for a stay of these proceedings pending the outcome of complaints to various
enforcement agencies including a review and report by a certified ADA Advocate ( Americans with Disabilities
Advocate ) to lawyers in Washington D.C. ; these are still outstanding.

Judge Thompson never issued a briefing schedule/order in this case, see docket sheet, Exhibit 1.

There is no deadline for Me to file an appellant brief in this case, see docket sheet, Exhibit 1.

There is no deadline for my adversary to file opposition papers in this case, see docket sheet, Exhibit 1.

There is no deadline for Me to file a Rely to my adversary's opposition papers in this case, see docket sheet, Exhibit 1.

There is no Order by a judge for an Oral Argument in this case, see docket sheet, Exhibit 1.

There is no Order to Me to appear for Oral Argument on 10/26/2018 in this case, see docket sheet, Exhibit 1.

The "Set Hearings as to LIDYA M. RADIN: Oral Argument set for 10/26/2018…" appears to be some sort of notation by the clerk's office, see docket sheet, Exhibit 1.

There is no stipulation settling the transcript(s) in this case, see docket sheet, Exhibit 1. Without this preliminary task being completed, I am precluded from making an Appellant Brief.

There is no stipulation as to the Exhibits in this case, see docket sheet, Exhibit 1. Without this preliminary task being completed, I am precluded from making an Appellant Brief.

AUSA Gribko misconstrued Notice of Appeal as an Appellant Brief, see docket sheet, Exhibit 1.

AUSA Gribko is running a scam.

AUSA Gribko is running a scam attempting to use a Notice of Appeal expanded with my good-faith effort to report honest services fraud to Judge Thompson, 18 USC section 4, reporting to any judge or military officer with the expectation that immediate relief will be provided, and a motion for a stay with a brief explanation as an Appellant Brief to limit my arguments on review, to deny Me due process in violation of U.S. v. Lee,106 U.S. 196 (1882): Gribko is a creature of the law, he is bound by the law, and when he violates the law, he goes to jail in felony sedition, 18 USC section 2384 and 2385.

Judge Thompson is the judge assigned to this case.

When I called to find out what was going on, Judge Thompson's staff refused to answer my questions and hung up on Me.

Chief Judge Linares is responsible for supervising Judge Thompson, her staff, and the court clerks.

When I called Chief Judge Linares staff to find out what was going on, his law clerk refused to answer my questions, made a threat indicating that I was being framed for a contempt charge, stating that there was an order against Me, and hung up on Me.

To the extent that Judge Linares' staff is threatening Me by referring to Magistrate Goodman's 11/17/2017 Order, that Order is void, as are all Magistrate Goodman's orders in this case.

I am not required to obey void orders.

Because I cannot even ask a simple question without being threatened, I move this Court to dismiss this case in my favor with prejudice because this Court is preventing Me from litigating.

The 11/17/2017 Order was obtained through impermissible ex-parte communications between AUSA Gribko and Magistrate Goodman, see Exhibit 2, page 7, lines 8 to 23 of the 11/16/2017 transcript. Here dishonest prosecutor Gribko revealed that he had secret, non-emergency, ex-parte communications with Magistrate Goodman wherein they colluded and conspired about what they could do to Me: we could do this, we could do that, we could do the other thing. How many discussions did dishonest prosecutor Gribko really have with dishonest Magistrate Goodman? We do not know. And, we will never know. What more did they discuss ? We do not know. And, we will never know. What we do know is how dishonest prosecutor Gribko operates. He goes behind the back to a Magistrate of his choice and plots to get his target, in this case, Me. This is not litigation. This is the prosecutor going to a magistrate behind my back and cooking up a criminal scheme to persecute, not prosecute, to persecute Me. Gribko has a retaliatory motive against Me, because I assisted in Jayson Burg's successful defense against dishonest prosecutor Gribko.

More to the point, the prosecutor lost disinterest. The prosecutor is so interested, so biased, so prejudiced against Me that he will break any law, tell any lie to hurt Me, as revealed here. The prosecutor cannot break the law, while at the same time, he purports to uphold the law. The prosecutor cannot obtain the jurisdiction of this Court through trickery and fraud. The prosecutor must obtain jurisdiction lawfully, and maintain jurisdiction lawfully at each and every stage of the proceeding. By his dishonest behavior, prosecutor Gribko ousted this Court of jurisdiction. This Court has been proceeding and is proceeding without authority in the simulation of a legal process, a crime. This case started through mail fraud, continued and continues through to today in acts of fraud and in simulation of a legal process, crimes.

Take Judicial Notice of my November 13, 2017 " Emergency Application to Stay proceedings pending Interlocutory Appeal" made to Judge Thompson. This application to Judge Thompson has contained within it as an exhibit a November 13, 2017 application/letter to Chief U.S. District Court Judge Jose L. Linares. Both Judge Linares and Judge Thompson could have prevented harm in 2017. Instead, they allowed this malicious prosecution to continue in violation of 42 USC section 1986, failure to prevent harm. Both Judge Linares and Judge Thompson are liable to Me, and are disqualified, **28 USC sections 455 and 144.**

Judge Thompson appears to base her 11/15/2017 ruling on Judge Greenaway's 11/15/2017 rulings at the Third Circuit.

Judge Greenaway, at the Third Circuit, is an adjunct professor at Yeshiva University's law school.

Yeshiva University was found to discriminate on the basis of religion against those who are non-Orthodox Jews in the Diane Persky case.

Also, subsequent to the Diane Persky case, Yeshiva University stipulated to fraud, discrimination, and hate crimes.

As per the American B.A.R. Association, Judge Greenaway can resign from Yeshiva University or he can resign from the federal bench, but, he cannot sit on the federal bench while, at the same time, he associates with a school that discriminates.

Because of Judge Greenaway's bias and because I am suing Yeshiva University for federal student loan fraud such that Judge Greenaway has an additional conflict with Me, the mandate, in connection with my Petition for a Writ of Prohibition at the Third Circuit which Judge Greenaway denied, must be recalled, and my Petition for a Writ of Prohibition re-assigned to a different judge, one who is not prejudiced against Me.

I have a claim against Judge Greenaway for failing to prevent harm to Me, 42 USC section 1986; he is disqualified from my case(s), 28 USC sections 455 and 144.

**Issue 2:**   Dishonest prosecutor Gribko did not provide the transcripts of the "AT Calls" to Me **in violation of RPC 3.4 and 3.8.**, Fairness to Opposing Party and Special Responsibilities of a Prosecutor, see exhibit 3, docket sheet from the underlying case, USA v. Radin, 17-mj-4519.

Dishonest prosecutor Gribko never served Me with the "transcript of AT CALL" for **11/16/2017** , docket item # 73 in the underlying case, USA v. Radin, docket item #73 filed on 08/09/2018 **in violation of  RPC 3.4 and 3.8.**, Fairness to Opposing Party and Special Responsibilities of a Prosecutor.

Dishonest prosecutor Gribko never served Me with the "transcript of AT CALL" for **10/25/2017** , docket item # 72 in the underlying case, USA v. Radin, filed on 08/09/2018 **in violation of  RPC 3.4 and 3.8.**, Fairness to Opposing Party and Special Responsibilities of a Prosecutor.

Dishonest prosecutor Gribko never served Me with the  "transcript of AT CALL" for **12/7/2017** , docket item # 74 in the underlying case, USA v. Radin, filed on 08/08/2018 **violation of  RPC 3.4 and 3.8.,** Fairness to Opposing Party and Special Responsibilities of a Prosecutor.

In addition, the audio records in connection with these "AT CALL" transcripts were never served on Me in violation of **RPC 3.4 and 3.8**, Fairness to Opposing Party and Special Responsibilities of a Prosecutor, and in violation of **Brady v. Maryland, 373 U.S. 83 ( 1963 ).**

Accordingly, **I move this Court to for an Order to Compel** the Government to provide these items to Me, now, along with any and all other connected and/or associated materials, and for a 60-day adjournment to allow the Government the time to complete this task and to address any other issues that may arise in connection with this task.

In his most recent papers in this case, his October 12, 2018 letter to Judge Thompson, federal prosecutor Gribko concealed the fact that Manhattan criminal court Judge Josh Hanshaft failed and refused to hold an extradition hearing in New York on December 10, 2017, before the U.S. Marshals kidnapped Me and moved Me across state lines to New Jersey.  In concealing these facts, federal prosecutor Gribko violated **RPC 3.3 Candor Toward the Tribunal,** (5) failed to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead this tribunal.

Had New York state court Judge Hanshaft conduced an extradition hearing on December 10, 2017, the fact that federal prosecutor, Gribko, plotted a with a federal Magistrate, Lois H. Goodman, in ex-parte, secret, non-emergency discussions in her private chambers, off-the-record, would have come out in a state court in Manhattan to show that there could be no fair trial in federal court in Jersey.  Take Judicial Notice that I caught and exposed Magistrate Goodman and federal government employee, Gribko by December 6, 2017, see letter on docket sheet, in the underlying case, 17-4519, docket item # 15, "Letter from Lidya Radin in re: Ex-Parte Communications Between the Magistrate and the Prosecutor".  New York state court Judge Hanshaft could have prevented harm to Me by employees of the federal government, Department of Justice. My state court-appointed Legal Aid attorney, Mr. McQueeney, likewise, failed to prevent to harm to Me by failing and

refusing to demand an extradition hearing on December 10, 2017, in front of Manhattan state court Judge Hanshaft. The court reporter in Manhattan criminal court, colluded and conspired in making a false court record by keeping my objections off-the-record, despite the fact that I insisted on being on-the-record.

In his most recent papers in this case, his October 12, 2018 letter to Judge Thompson, dishonest federal prosecutor Gribko concealed the fact that because Manhattan criminal court judge, New York state court judge, Judge Josh Hanshaft failed and refused to hold an extradition hearing, I was kidnapped by men and women employed by U.S. Marshal Service, federal Department of Justice employees, and moved across state lines in violation of law and due process. In concealing these material facts, federal prosecutor Gribko violated **RPC 3.3 Candor Toward the Tribunal**, (5) failed to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead this tribunal.

In his most recent papers in this case, his October 12, 2018 letter to Judge Thompson, AUSA Gribko concealed the fact that because Manhattan criminal court Judge Josh Hanshaft failed and refused to hold an extradition hearing, men and women employed by the Department of Justice inflicted the crimes of false arrest and false imprisonment on Me during the time they kidnapped Me from New York to New Jersey. In concealing these material facts, federal Department of Justice employee, federal prosecutor Gribko violated **RPC 3.3 Candor Toward the Tribunal**, (5) failed to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead this tribunal.

In his most recent papers in this case, his October 12, 2018 letter to Judge Thompson, federal Department of Justice employee, federal prosecutor Gribko concealed the fact that Manhattan criminal court Judge Josh Hanshaft ousted the Manhattan criminal court of jurisdiction by breaking the law. Judge Hanshaft broke the law in failing and refusing to provide an extradition hearing, among other things. In concealing these material facts, federal Department of Justice employee, federal prosecutor Gribko violated **RPC 3.3 Candor Toward the Tribunal**, (5) failed to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead this tribunal.

I have a claim against Manhattan criminal court Judge Josh Hanshaft for failing to prevent harm to Me.

For these and other reasons, I am rejecting Mr. Gribko's October 12, 2018 letter, Exhibit 4, to Judge Thompson as a fraud on this Court by Court officer Gribko. And, I move this Court to strike Gribko's October 12, 2018 letter to Judge Thompson for fraud. And, I move this Court to sanction Gribko. Gribko is disqualified from this case. And, I move this Court to report Gribko's misconduct to his licensing boards and to his boss, U.S. Attorney Jeff Sessions.

On the principle that the public has a right to every man's evidence, **Branzburg v. Hayes, 408 U.S. 665 ( 1972 )**, I move this Court to do its duty and inform every federal criminal defendant and the public of Mr. Gribko's crimes and transgressions. Further, I move this Court to immediately reveal to Me the procedure I should follow to report the facts of Gribko's crimes and transgressions and those of his co-conspirators to our federal and state Grand Juries for investigation, as is my duty. I remind this Court that our federal and state Grand Juries have a duty to diligently investigate crimes in their districts, and are not the puppets of dishonest prosecutors like Gribko.

I did not discover until after 10/15/2018, that Court-appointed Standby Counsel Davis was a witness to Gribko's misconduct on 11/16/2017, Gribko's plotting and deceit with Magistrate Goodman, that Gribko and Goodman were plotting in Goodman's private chambers, off-the-record, ex-parte, in secret meetings, about how

to get Me, and that Davis failed and refused to protect and maintain the integrity of the legal profession by reporting Gribko's misconduct in violation of **RPC 8.3: Reporting Professional Misconduct**, *Maintaining The Integrity of The Profession,*(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority, and, (b) A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

Likewise, Davis failed and refused to prevent harm to Me. I have a claim against Davis.

Also, I did not discover until after 10/15/2018, that Court-appointed Attorney Davis was a witness on 12/7/2017.

Court-appointed attorney Davis witnessed Magistrate Bongiovanni collude and conspire with Keith Holland in concealing evidence during trial: Holland's I.D., badge, badge number, and oath of office, and in fabricating an excuse that Holland's arrest authority was so well known, so notorious, throughout the district to men and women like Me, that Holland's authority to arrest could not be doubted, and that Holland did not even have to produce a badge on the day Holland, not even wearing a uniform, attacked Me, an absurdity.

Take Judicial Notice of the records of this court that neither prosecutor Gribko, nor Magistrate Bongiovanni placed Holland's I.D., badge, badge number, or oath of office on-the-record. Court-appointed standby Counsel Davis failed and refused to protect and maintain the integrity of the legal profession by reporting Magistrate Bongiovanni's and Gribko's conspiracy in concealing unlawfully Holland's authority to arrest, in violation of **RPC 8.3: Reporting Professional Misconduct**, Maintaining The Integrity of The Profession,(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority, and, (b) A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

Federal prosecutor, Department of Justice employee, Gribko did not provide Holland's identification, badge, badge number, and oath of office in violation of **RPC 3.4: Fairness to Opposing Party & Counsel**, a lawyer shall not: (a) unlawfully obstruct another party' s access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. And Standby Counsel Davis did not report Gribko's misconduct in violation of **RPC 8.3: Reporting Professional Misconduct,** Maintaining The Integrity of The Profession,(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority; and in violation of **Wardius v. Oregon, 412 U.S. 470 ( 1973 ), 412 U.S. 470 (1973),** *discovery is the backbone of due process, without discovery there is no due process*, and, in violation of **Brady v. Maryland, 373 U.S. 83 (1963),** *the prosecution must turn over all evidence that might exonerate the defendant to the defense.*

Again, and, again, Davis failed and refused to prevent harm to Me and to protect the integrity of his chosen profession. I have claims against Davis. Davis is disqualified from being my standby Counsel. Accordingly, I move this Court for a 60 day adjournment to allow this Court the time to appoint new standby counsel, and for the time to get new standby counsel up to speed on this case.

Take Judicial Notice of the records of this court that there is no lawful summons commanding my appearance in a federal district court in the underlying case, USA v. Radin, 17-mj-4519.

I have retained a certified ADA Advocate, Americans with Disability Advocate, to review and make a report to attorneys in Washington D.C. Accordingly, I move this Court for a 60 day adjournment to allow the ADA Advocate, the Americans with Disability Advocate, the time to report to attorneys in Washington D.C.

**List of authorities:**

**Neglect to prevent harm—42 U.S.C. section 1986**: Every person who, having knowledge that any of the wrongs conspired to be done or are about to be committed, and having power to prevent or aid in preventing the commision of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured.

**28 USC sections 455 and 144, disqualification of judges for interest.**

**" To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort...and for an agent of the state to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional' ", Bordenkircher v. Hayes, 434 U.S. 357 (1978).**

**U.S. v. Lee, 106 U.S. 196 (1882),** officers of the government, here **AUSA Gribko**, are creatures of the law, they are bound by the law, and when they break the law, they go to jail in felony sedition, 18 USC sections 2384 and 2385; they are destroying our representative republic.

**Cole, State Hospital Superintendent, et al, v. Richardson, 405 U.S. 676 (1972),** illegal, unconstitutional conduct is sedition, subversion.

**Wardius v. Oregon, 412 U.S. 470 ( 1973 ), 412 U.S. 470 (1973),** discovery is the backbone of due process, without discovery there is no due process.

**United States v. Lopez, 514 U.S. 549 (1995),** bench trial reversed for lack of jurisdiction.

**" [w] without jurisdiction the Court cannot proceed at all in any cause ", Ex parte McCardle, 74 U.S. ( 7 Wall ) 506, 514 (1868),** quoted in Steel Co., 523 U.S. at 94.

**Branzburg v. Hayes, 408 U.S. 665 ( 1972),** the principle that the public has a right to every man's evidence.

**"...desire to harm a politically unpopular group cannot constitute a legitimate governmental interest", Dept. of Argriculture v. Moreno, 413 U.S. at 534.**

**Haines v. Kerner, et al, 404 U.S. 519 (1972),** substance not form for Pro Se pleadings.

**Brady v. Maryland, 373 U.S. 83 (1963),** the prosecution must turn over all evidence that might exonerate the defendant to the defense.

**Judicial notice**  is a rule in the law of evidence that allows a fact to be introduced into evidence if the truth of that fact is so notorious or well known, or so authoritatively attested, that it cannot reasonably be doubted.

## Rules of Professional Conduct

**RPC 3.3 Candor Toward the Tribunal** (a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; (2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting an illegal, criminal or fraudulent act by the client; (3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures; or (5) fail to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal, except that it shall not be a breach of this rule if the disclosure is protected by a recognized privilege or is otherwise prohibited by law.

**RPC 3.4: Fairness to Opposing Party &** Counsel: A lawyer shall not: **(a) unlawfully obstruct another party' s access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act.**

**RPC 3.5 Impartiality and Decorum of the Tribunal:** A lawyer shall not (a) seek to influence a judge, juror, prospective juror or other official by means prohibited by law; (b) communicate ex parte with such a person except as permitted by law.

**RPC 3.8:  Special Responsibilities of a Prosecutor.  The prosecutor in a criminal case shall**...(d) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal.

**Rule 8.3: Reporting Professional Misconduct,** *Maintaining The Integrity of The Profession,*(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority, (b) A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

**RPC 8.4 Misconduct:** It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice; (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; (f) knowingly assist a judge or judicial officer in conduct that is a violation of the Code of Judicial Conduct or other law; (g) engage, in a professional capacity, in conduct involving discrimination (except employment discrimination unless resulting in a final agency or judicial determination) because of race, color, religion, age, sex, sexual orientation, national origin, language, marital status, socioeconomic status, or handicap where the conduct is intended or likely to cause harm.

In sum, I move this Court

1. For an Order compelling the Government to serve Me with the audio recordings and the transcripts of "the AT CALLS" from 10/25/2017, 11/16/2017, and from 12/7/2017, and any and all other connected and/or associated materials, and,

2. For an Order granting a 60 day adjournment to allow the Government to serve Me with the items in paragraph 1 and any and all other connected and/or associated materials, and, to find another attorney and pending a review and report by a certified ADA Advocate, Americans with Disability Advocate, to attorneys in Washington D.C., and,

3. For an Order striking AUSA Gribko's papers filed in this case on 10/12/2018 for fraud on the Court by a court officer, and,

4. For an Order sanctioning AUSA Gribko, and,

5.  for such other and further relief as justice demands including the costs associated with making this Motion.

Respectfully submitted,

*Lidya Maria Radin*

Lidya Maria Radin

## DECLARATION OF SERVICE

I declare under penalty of perjury that I served the U.S. Attorney's Office with this Notice of Omibus Motions, Omibus Motions, and Affidavit/Declaration in Support by mailing a copy to AUSA Robert Joesph Gribko via overnight mail delivery on October 25, 2018  to:

United States Attorney's Office,
AUSA Gribko
402 E. State Street
Trenton, New Jersey 08608

*Lidya Radin*

I declare under penalty of perjury that I served AUSA Robert Joseph Gribko's boss, Jeff Sessions, Attorney General of the United States, with this Notice of Omibus Motions, Omibus Motions, and Affidavit/declaration in Support by mailing a copy to Jeff Sessions at the following address:

Jeff Sessions,   Attorney General of the United States
Department of Justice
Room 5111
10th & Constitution Avenue, NW
Washington, D.C. 20530

*Lidya Radin*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------------X

                                    Docket no:  18-cr-452

                                      **AFFIDAVIT / DECLARATION IN**
                                      **SUPPORT OF**
Lidya Maria Radin,               **OMIBUS MOTIONS: TO DISQUALIFY**
                                      **AUSA GRIBKO,  JUDGE THOMPSON, &**
                                      **COURT-APPOINTED ATTORNEY DAVIS,**
                                      **& MOTION TO COMPEL**
                                      **GOVERNMENT TO SERVE**
                                      **"AT CALL" AUDIO/ TRANSCRIPTS, &**
                                      **MOTION FOR 60 DAY ADJOURNMENT**
                                      **TO ALLOW THE GOVERNMENT TO**
                                      **SERVE & TO  FIND  A NEW ATTORNEY,**
                                      **& PENDING REVIEW BY A CERTIFIED**
       -against-                  **ADA ADVOCATE,  & OTHER RELIEF.**

                                      **ORAL ARGUMENT ON THESE MOTIONS**
                                      **IS DEMANDED.**

U.S.A
----------------------------------------------------------------------X

**AFFIDAVIT/ DECLARATION OF LIDYA MARIA RADIN IN SUPPORT OF OMIBUS MOTIONS: TO DISQUALIFY AUSA GRIBKO, JUDGE THOMPSON, & COURT-APPOINTED ATTORNEY DAVIS, AND MOTION TO COMPEL GOVERNMENT TO SERVE  "AT CALL" AUDIO/TRANSCRIPTS, & MOTION FOR A 60 DAY ADJOURNMENT TO ALLOW THE GOVERNMENT TO SERVE, & TO FIND A NEW ATTORNEY, &  PENDING REVIEW BY A CERTIFIED ADA ADVOCATE ( AMERICANS WITH DISABILITY ADVOCATE ) & OTHER RELIEF.**

*I, Lidya Maria Radin, residing at 203 West 107ᵗʰ Street, #8A, New York, New York 10025, telephone, 516-445-4390, email: radin.lidya2@gmail.com, a living woman, one of the Posterity of the People, am of full age, am competent and willing to testify, and having personal, first-hand knowledge of the facts stated herein, swear, under penalty of perjury:*

1. I did not file an appellant brief on 08/02/2018, see docket item  # 1 in this case.
2. I filed a Notice of Appeal on 08/02/2018, see docket item # 1 in this case.
3. The footer on the bottom of my paperwork in this case on docket item # 1 reads  "**notice.8.2.2018**".
4. In addition to my Notice of Appeal on 08/02/2018, I reported honest services fraud, 18 USC section 4, to Judge Thompson and moved the Court for a stay of these proceedings pending the outcome of complaints to various enforcement agencies including a review and report by a certified ADA Advocate ( Americans with Disabilities Advocate ) to lawyers in Washington D.C. ; these are still outstanding.
5. Judge Thompson never issued a briefing schedule/order in this case, see docket sheet.
6. There is no deadline for Me to file an appellant brief in this case, see docket sheet.
7. There is no deadline for my adversary to file opposition papers in this case, see docket sheet.

8. There is no deadline for Me to file a Rely to my adversary's opposition papers in this case, see docket sheet.

9. There is no Order by a judge for an Oral Argument in this case, see docket sheet.

10. There is no Order to Me to appear for Oral Argument on 10/26/2018 in this case, see docket sheet.

11. The "Set Hearings as to LIDYA M. RADIN: Oral Argument set for 10/26/2018..." appears to be some sort of notation by the clerk's office.

12. There is no stipulation settling the transcripts in this case.

13. There is no stipulation as to the Exhibits in this case.

14. The "transcript of AT CALL" for 11/16/2017 , docket item # 73 in the underlying case, USA v. Radin, docket item #73 filed on 08/09/2018 was never served on Me **in violation of RPC 3.4 and 3.8 and in violation of Wardius v. Oregon, 412 U.S. 470 ( 1973 ),** discovery is the backbone of due process, without discovery there is no due process, and in violation of **Brady v. Maryland, 373 U.S. 83 (1963),** the prosecution must turn over all evidence that might exonerate the defendant to the defense.

15. The "transcript of AT CALL" for 10/25/2017 , docket item # 72 in the underlying case, USA v. Radin, filed on 08/09/2018 was never served on Me **in violation of RPC 3.4 and 3.8,** and **in violation of Wardius v. Oregon, 412 U.S. 470 ( 1973 )**, discovery is the backbone of due process, without discovery there is no due process, and in violation of **Brady v. Maryland, 373 U.S. 83 (1963),** the prosecution must turn over all evidence that might exonerate the defendant to the defense.

16. The "transcript of AT CALL" for 12/7/2017 , docket item # 74 in the underlying case, USA v. Radin, filed on 08/08/2018 was never served on Me in **violation of RPC 3.4 and 3.8 and in violation of Wardius v. Oregon, 412 U.S. 470 ( 1973 ),** discovery is the backbone of due process, without discovery there is no due process, **and in violation of Brady v. Maryland, 373 U.S. 83 (1963),** the prosecution must turn over all evidence that might exonerate the defendant to the defense.

17. The audio records in connection with the AT CALL transcripts cited in paragraphs 14, 15, and 16 were never served on Me in violation of RPC 3.4 and 3.8, and **in violation of Wardius v. Oregon, 412 U.S. 470 ( 1973 )**, discovery is the backbone of due process, without discovery there is no due process, and in violation of **Brady v. Maryland, 373 U.S. 83 (1963),** the prosecution must turn over all evidence that might exonerate the defendant to the defense.

18. I did not receive the so-called "Government's BRIEF" , docket item # 4 in this case, 18-cr-452, Gribko's October 12, 2018 letter to Judge Thompson until sometime after October 15, 2018; this came without notice and as unfair surprise.

19. AUSA Gribko misconstrued Notice of Appeal as an Appellant Brief.

20. AUSA Gribko is running a scam.

21. AUSA Gribko is running a scam attempting to use a Notice of Appeal expanded with my good-faith effort to report honest services fraud to Judge Thompson, 18 USC section 4, reporting to any judge or military officer with the expectation that immediate relief will be provided, and a motion for a stay with a brief explanation as an Appellant Brief to limit my arguments on review to deny Me due process in violation of U.S. v. Lee,106 U.S. 196 (1882): Gribko is a creature of the law, he is bound by the law, and when he violates the law, he goes to jail in felony sedition, 18 USC section 2384 and 2385.

22. Judge Thompson is the judge assigned to this case.

23. When I called to find out what was going on, Judge Thompson's staff refused to answer my questions and hung up on Me.

24. Chief Judge Linares is responsible for supervising Judge Thompson, her staff, and the court clerks.

25. When I called Chief Judge Linares staff to find out what was going on, his law clerk refused to answer my questions, made a threat that indicated that I was being framed for a contempt charge, stating that there was an order against Me, and hung up on Me.

26. To the extent that Judge Linares staff is threatening Me by referring to Magistrate Goodman's 11/17/2017 Order, that 11/17/2017 Order is void.

27. All of Magistrate Goodman's orders in the underlying case, 17-mj-4519 are void.

28. I am not required to obey void orders.

29. Because I cannot even ask a simple question without being threatened, this Court is preventing Me from litigating and must dismiss this case with prejudice in my favor.

30. Judge Thompson appears to base her 11/15/2017 ruling on Judge Greenaway's rulings at the Third Circuit.

31. Judge Greenaway, at the Third Circuit, is an adjunct professor at Yeshiva University's law school.

32. Yeshiva University was found to discriminate on the basis of religion against non-Orthodox Jews.

33. Yeshiva University stipulated to fraud, discrimination, and hate crimes.

34. As per the American B.A.R. Association, Judge Greenaway can resign from Yeshiva University or he can resign from the federal bench, but, Judge Greenaway cannot sit on the federal bench while, at the same time, he associates with a school that discriminates.

35. As per the American B.A.R. Association Judge Greenaway cannot sit on the federal bench and at the same time associate with a school that was found to discriminate.

36. Because of Judge Greenaway's bias and because I am suing Yeshiva University for federal student loan fraud such that Judge Greenaway has an additional conflict with Me, the mandate in connection with my Petition for a Writ of Prohibition at the Third Circuit, which Judge Greenaway denied, must be recalled, and assigned to another judge.

37. I have a claim against Judge Thompson for failing to prevent harm to Me.

38. I have a claim against Judge Greenaway for failing to prevent harm to Me.

39. I did not receive Judge Michael A. Shipp's 9/13/2018 Order directing Me to file an amended complaint by 10/12/2018 in Radin v. Linares, docket number: 18-cv-9956.

40. Judge Shipp's Order was misplaced by the person responsible for giving my mail to Me.

41. I am in the process of obtaining this person's affidavit and informing Judge Shipp of this excusable law office failure.

42. I recently discovered that the docket sheet in Radin v. Albert Einstein College of Medicine of Yeshiva University, et al, docket number: 07-cv-2868 is missing all pages of my verified complaint except for one page such that this Court does not have a dependable record.

43. Magistrate Judge E. Salas is the magistrate in Radin v. Albert Einstein College of Medicine of Yeshiva University, et al, docket number: 07-cv-2868.

44. The court records in Jayson Burg's criminal case in this Court with Judge Peter Sheridan is intentionally falsified.

45. Documents were struck from Burg's case improperly to falsify this Court's records by design.

46. In this Court, Jayson Burg's case started through mail fraud.

47. Burg's case continued in this Court as a simulation of a legal process, a crime.

48. Judge Linares was the judge on the Burg case until the Burg case got transferred to Trenton, New Jersey, to Judge Sheridan.

49. Ultimately, to stop AUSA Gribko's malicious prosecution against Burg, Burg agreed to a contract wherein Burg agreed to giving the "appearance" of committing a crime, not to actually committing a crime.

50. Giving the "appearance" of committing a crime is not a chargeable offense.

51. Pressuring Burg into agreeing that Burg gave the "appearance" of committing a crime is another fraud on the Court by dishonest prosecutor Gribko to weasel out of liability for Gribko's malicious prosecution of Burg.

52. In this Court, the underlying case, USA v. Radin, 17-mj-4519, started through mail fraud.

53. In this Court, the underlying case, USA v. Radin, 17-mj-4519, continued and continues to today as a stimulation of a legal process, a crime.

54. I did not receive the so-called "Government's BRIEF" , docket item # 4 in this case, 18-cr-452, Gribko's October 12, 2018 letter to Judge Thompson until sometime after October 15, 2018 without notice and in unfair surprise.

55. In his October 12, 2018 letter, AUSA Gribko concealed the fact that Manhattan criminal court Judge Josh Hanshaft failed and refused to hold an extradition hearing in New York on December 10, 2017.

56. In his October 12, 2018 letter, AUSA Gribko concealed the fact that because Manhattan criminal court Judge Josh Hanshaft failed and refused to hold an extradition hearing, I was kidnapped by men and women employed by the U.S. Marshal Service and moved across state lines in violation of law and due process.

57. In his October 12, 2018 letter, AUSA Gribko concealed the fact that because Manhattan criminal court Judge Josh Hanshaft failed and refused to hold an extradition hearing, men and women employed by the Department of Justice inflicted the crimes of false arrest and false imprisonment on Me during the time these men and women kidnapped Me from New York to New Jersey.

58. In his October 12, 2018 letter, AUSA Gribko concealed the fact that Manhattan criminal court Judge Josh Hanshaft ousted the Manhattan criminal court of jurisdiction by breaking the law in failing and refusing to provide Me with an extradition hearing on December 10, 2017, among other things.

59. I have claims against Manhattan criminal court Judge Josh Hanshaft for failing to prevent harm to Me.

60. For these and other reasons, I am rejecting AUSA Gribko's October 12, 2018 letter to Judge Thompson as a fraud on the Court by a Court officer, and moving to have it struck from the record as a fraud.

61. I did not discover until after 10/15/2018, that Court-appointed Attorney Davis was a witness on 11/16/2017, see 11/16/2017 transcript, lines 8 to 23, wherein AUSA Gribko revealed that his impermissible, non-emergency, ex-parte communications with Magistrate Goodman consisted of Gribko and Goodman plotting in her private chambers in secret, off-the-record discussions about the kinds of things that they could do to get Me: we could do this, we could do that, we could do the other thing.

62. I did not discover until after 10/15/2018, that Court-appointed Attorney Davis was a witness on 12/7/2017.

63. Court-appointed attorney Davis witnessed Magistrate Bongiovanni collude and conspire in concealing evidence during trial: Holland's I.D., badge, badge number, and oath of office.

64. Take Judicial Notice of the records of this court that Holland's I.D., badge, badge number, and oath of office were never placed on-the-record.

65. AUSA Gribko did not provide Holland's identification, badge, badge number, and oath of office to Me in violation of RPC 3.4: Fairness to Opposing Party & Counsel, A lawyer shall not: (a) unlawfully

obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value and in violation of **Wardius v. Oregon, 412 U.S. 470 ( 1973 ), 412 U.S. 470 (1973),** discovery is the backbone of due process, without discovery there is no due process, and in violation of **Brady v. Maryland, 373 U.S. 83 (1963),** the prosecution must turn over all evidence that might exonerate the defendant to the defense.

66. On information and belief, Court-appointed standby counsel Davis did not report the misconduct that he witnessed.

67. I have claims against Court-appointed standby counsel Davis.

68. Court-appointed standby counsel Davis is disqualified from this case.

69. AUSA Gribko is disqualified from this case.

70. Judge Thompson is disqualified from this case.

71. Judge Greenaway is disqualified from this case.

72. Judge Linares is disqualified from this case.

73. Take Judicial Notice of the records of this court that there is no summons in the underlying case, USA v. Radin, 17-mj-4519.

74. I have retained a certified ADA Advocate, Americans with Disability Advocate, to review and make a report to attorneys in Washington D.C.

*I demand the right to offer proof of all that I have testified to in this affidavit, have each statement accepted or rebutted with factual evidence within 21 calendar days of tender of this affidavit and/or upon failure to rebut this affidavit, by acquiescence, all parties stipulate to the truth of the facts and statements made herein. Failure to rebut this affidavit will be evidence in the matter noted above that complainant/victim was injured by loss of rights and government agents' interference and that they exceeded their jurisdiction.*

*Lidya Maria Radin*

Exhibit One

docket sheet
iN

18-cr-452

**Plaintiff**

**USA**                                   represented by   **R. JOSEPH GRIBKO**
                                                          U.S. ATTORNEY'S OFFICE
                                                          970 BROAD STREET
                                                          NEWARK, NJ 07102
                                                          (973) 645-2700
                                                          Email: joseph.gribko@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Assistant US Attorney*

Docket # 18-CR-452

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/12/2018 | 4 | Government's BRIEF as to LIDYA M. RADIN (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(GRIBKO, R.) (Entered: 10/12/2018) |
| 09/21/2018 |   | Set Hearings as to LIDYA M. RADIN: Oral Argument set for 10/26/2018 10:00 AM in Trenton Courtroom 4W before Judge Anne E. Thompson. (adi, ) (Entered: 09/21/2018) |
| 09/21/2018 | 3 | CJA 20 as to LIDYA M. RADIN: Appointment of Standby Counsel. Attorney MARK GARNET DAVIS appointed for LIDYA M. RADIN. Signed by Judge Anne E. Thompson on 9/21/18. (adi, ) (Entered: 09/21/2018) |
| 08/27/2018 | 2 | TEXT ORDER REASSIGNING CASE. Case reassigned to Judge Anne E. Thompson for all further proceedings. Judge Michael A. Shipp no longer assigned to case. So Ordered by Chief Judge Jose L. Linares on 8/27/18. (mem, ) (Entered: 08/27/2018) |
| 08/03/2018 |   | Notice of Allocation and Assignment (Judge Shipp - Trenton) as to LIDYA M. RADIN. (mmh) (Entered: 08/03/2018) |
| 08/02/2018 | 1 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by LIDYA M. RADIN. Appeal taken from case 3:17-mj-4519. (mmh) (Entered: 08/03/2018) |

Notice of Apeal, Not AN Appellant brief



Exhibit Two

tRANSCRipt

11/16/2017

pagE 7

1      Based on that, she then left the building is my

2  understanding, and is probably off on her way to Philadelphia,

3  presumably to file these papers in the Third Circuit rather

4  than be here.

5      There is no stay in place.  There is no basis for

6  such a stay.  This court proceeding can proceed without her.

7  She has voluntarily absented herself from this.

8      And at this point, as to what to do next, the Court

9  has a number of options:

10      It certainly can issue a warrant for Ms. Radin's

11  arrest;

12      It can order the trial to go forward;

13      It is the Government's understanding -- and I know

14  that the Court disagrees with me based on our discussion in

15  chambers -- that the Court could actually enter a default

16  judgment against her at this point since it is only a petty

17  misdemeanor offense, essentially a traffic ticket -- a $30

18  traffic ticket.  I do understand the Court's reticence to do

19  that since I have not provided anything other than say Rule 2

20  of the Federal Rules which basically give broad discretion to

21  judges.

22      But beyond that, I can't -- despite -- I was not able

23  to locate a case this afternoon.

24      That said, there is no stay in place.  The Court

25  should either order us to go forward with a trial date, the

> *impermissible ex-parte communications*

Exhibit 3

Docket Sheet
of underlying
CASE  17-mj-4519

08/10/2017)

Docket # 17-mj-4519

**Plaintiff**

**USA**        represented by **R. JOSEPH GRIBKO**
U.S. ATTORNEY'S OFFICE
970 BROAD STREET
NEWARK, NJ 07102
(973) 645-2700
Email: joseph.gribko@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2018 | 73 | Transcript of AT CALL FOR ARRAIGNMENT HEARING as to LIDYA M. RADIN held on 11/16/2017, before Judge Lois H. Goodman. Transcriber -Transcripts Plus, Inc. (215-862-1115). Transcript may be viewed at the court public terminal or purchased through the Transcriber only. (kas, ) (Entered: 08/15/2018) |
| 08/09/2018 | 72 | Transcript of AT CALL FOR ARRAIGNMENT HEARING as to LIDYA M. RADIN held on 10/25/2017, before Judge Lois H. Goodman. Transcriber- Transcripts Plus, Inc. (215-862-1115). Transcript may be viewed at the court public terminal or purchased through the Transcriber only. (kas, ) (Entered: 08/15/2018) |
| 08/09/2018 | 71 | Transcript of TRIAL as to LIDYA M. RADIN held on 4/16/2018, before Judge Tonianne J. Bongiovanni. Transcriber -Transcripts Plus, Inc. (215-862-1115). Transcript may be viewed at the court public terminal or purchased through the Transcriber only. (kas, ) (Entered: 08/15/2018) |
| 08/08/2018 | 74 | Transcript of AT CALL FOR ARRAIGNMENT HEARING as to LIDYA M. RADIN held on 12/7/2017, before Judge Lois H. Goodman. Transcriber -Transcripts Plus, Inc. (215-862-1115). Transcript may be viewed at the court public terminal or purchased through the Transcriber only. (kas, ) (Entered: 08/15/2018) |
| 08/03/2018 | | Notice of Appeal of the magistrate judges decision was submitted, See Crim # 18-452 as to LIDYA M. RADIN. (mmh) (Entered: 08/03/2018) |
| 08/02/2018 | 70 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by LIDYA M. RADIN. Appeal taken from case 3:17-mj-4519(TJB) as to # 69 Judgment. CLERK'S NOTE: SEE CRIMINAL # 18-452-MAS.(mmh) (Entered: 08/03/2018) |
| 07/19/2018 | 69 | JUDGMENT as to LIDYA M. RADIN (1), Imprisonment: 20 Days; Special Assessment: $5.00 (Finance notified). Signed by Magistrate Judge Tonianne J. Bongiovanni on 7/18/2018. (mmh) (Entered: 07/19/2018) |
| 07/19/2018 | 68 | LETTER ORDER dismissing without prejudice 38 Motion for Sanctions as to LIDYA M. RADIN (1). Signed by Magistrate Judge Tonianne J. Bongiovanni on 7/19/2018. (mmh) (Entered: 07/19/2018) |
| 07/18/2018 | 67 | Minute Entry for proceedings held before Magistrate Judge Tonianne J. Bongiovanni: Sentencing held on 7/18/2018 for LIDYA M. RADIN as to Count 1, Imprisonment: 20 Days to be served consecutive to any other sentence including the Southern District of New York. Stay of execution of sentence until anticipated appeal is decided.Special Assessment: $5.00; Defendant to voluntarily surrender to the designated institution. Parties |

Exhibit 4

Gribko's
October 12, 2018
letter = FRAUD



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| *R. Joseph Gribko* | *402 E. State Street* | *(609) 989-2190* |
| *Assistant United States Attorney* | *Trenton, New Jersey 08608* | *Fax: (609) 989-2275* |

October 12, 2018

*Rejected for Fraud on the court*

Honorable Anne E. Thompson
United States District Judge
402 E. State Street
Trenton, New Jersey 08608

     Re:   <u>United States v. Lidya Radin, Crim. No. 18-452 (AET)</u>
          (Appeal from Mag. No. 17-4519 (TJB))

Dear Judge Thompson:

     On July 19, 2018, Lidya Radin ("Defendant" or "Radin") was convicted of one count of Disorderly Conduct, in violation of 41 CFR §102-74.390, following a non-jury trial before United States Magistrate Judge Tonianne J. Bongiovanni. On July 18, 2018, Judge Bongiovanni sentenced Radin to 20 days' imprisonment. Radin has appealed that judgment of conviction to this Court. For the reasons set forth below, this Court should affirm Judge Bongiovanni's judgment.

### **Facts and Procedural History**

     On August 10, 2017, Radin entered the Federal Courthouse in Trenton, New Jersey, (the "Courthouse") in connection with a hearing scheduled in *United States v. Burg*, Crim. No 15-386 (PGS). The Honorable Peter G. Sheridan had previously ordered Radin removed from the Courthouse because she was disruptive during previous proceedings in that case. [Ex 4, 4/16/18 Tr. pp 29-30, 38-40, 65-66] Accordingly, on August 10, 2017, Deputy United States Marshall Keith Holland approached Radin soon after she entered the Courthouse to advise her of the code of conduct expected from visitors. Radin responded by becoming loud and belligerent. [Ex. 4, 4/16/18 Tr. pp. 36-38, 67-69] After several minutes of this behavior, Deputy Marshall Holland asked Radin to leave the Courthouse. [Ex 4, 4/16/18 Tr. pp. 44-46] She refused. [Ex 4, 4/16/18 Tr. p. 46-47] Deputy Marshall Holland then placed Radin under arrest. [Ex 4, 4/16/18 Tr. pp. 51-52]

Hon. Anne E. Thompson
October 12, 2018
Page 2

*[handwritten: FRAUD, ON October 16, 2017 there WAS NO OPEN CASE in the federal district court]*

Because of this conduct, Radin was issued and served with a federal citation charging her with Disorderly Conduct, in violation of 41 CFR §102-74.390. [Ex 4/4/16/18 Tr. p. 84; *United States v. Radin*, 17-mj-04519 (TJB), Docket # 1].[1] The Violation Notice set the hearing for October 16, 2017, but the Court reset the date for October 25, 2017 at 1:00 p.m. [Docket #2].

*[handwritten: FRAUD]* Prior to the scheduled hearing, Radin repeatedly called and e-mailed Judge Goodman's chambers to discuss the case. [Ex 1, 10/25/17 Tr. p. 2]. Nevertheless, despite being advised of the Initial Appearance date by numerous methods, Radin failed to appear before Judge Goodman on October 25, 2017. [Ex 1, 10/25/17 Tr. p. 3]. Both the Government and Scott Krasny, Esq., who had been asked to appear in anticipation of being asked to act as Radin's stand-by counsel, appeared in court. When Radin failed to appear, the Court *[handwritten: except a lawful summons from the federal district court]* discussed re-scheduling the matter with counsel for the Government and Mr. Krasny. [Ex 1, 10/25/17 Tr. p. 2]. Radin was invited to participate in this scheduling discussion, but she declined to do so. [Ex 1, 10/25/17 Tr. p. 2]. After a brief off-the-record discussion about how to proceed in Radin's absence, the Court held a recorded conference with the Government and Mr. Krasny. [Ex 1, 10/25/17 Tr. p. 2]. The Court and the Government memorialized what had taken place in the case, and the Government asked the Court to issue a warrant for Radin's arrest based upon her refusal to appear. [Ex 1, 10/25/17 Tr. p. 5]. Judge Goodman denied the Government's application for a warrant and reset the date for Radin's Initial Appearance for November 16, 2017. [Ex 1, 10/25/17 Tr. p. 7].

*[handwritten: MORE secret, ex-parte communications]*

Despite again being advised of the Initial Appearance date by numerous methods, and despite the fact that she actually travelled to the Courthouse and filed papers earlier that day but left before the proceedings began, Radin again failed to appear before Judge Goodman on November 16, 2017. [Ex 2, 11/16/17 Tr. p. 3]. Again, both the Government and an attorney who had *[handwritten: except a lawful summons from the federal district court]* been asked to appear in anticipation of being asked to act as Radin's stand-by counsel, Mark Davis, Esq., were present. Once it was clear that Radin had left the Courthouse and was not going to appear in Court, the Court held a recorded conference with the Government and Mr. Davis present.[2] [Ex 2, 11/16/17 Tr. 2-12]. The Court and the Government then memorialized what had taken place in the case, and the Government again asked the Court to issue a warrant for Radin's arrest, but noted the Court had other options

---

[1] Unless otherwise specified, citations to "Docket #" refer to the ECF Docket in *United States v. Radin*, 17-mj-04519 (TJB). *[handwritten: → colluded in impermissible ex-parte communications]*

[2] As Mr. Davis had not yet been appointed as Radin's stand-by counsel, he did not enter an appearance. [Ex 2, 11/16/17 Tr. p. 8]. *[handwritten: → in violation of Rules of Professional Conduct, Rule 8.3, Reporting Professional Misconduct]*

*[handwritten top margin: Plotting together: AUSA Gribko And Magistrate Goodman had ex-parte communications about what they could do to me = CONSPIRACY]*

Hon. Anne E. Thompson
October 12, 2018
Page 3

(including entering a default judgement against Radin or conducting a trial in
*absentia*).  [Ex 2, 11/16/17 Tr. pp. 7-8].  Judge Goodman again denied the
Government's application for a warrant and issued an Order setting a date for
Radin's Initial Appearance and trial on December 7, 2017.  [Ex 2, 11/16/17
Tr. pp. 9-12; Docket #11].  *[handwritten: → unlawful order, + No lawful summons]*

On December 7, 2017, the scheduled trial date, and third scheduled date
for her Initial Appearance, Radin again travelled to the Courthouse, again filed
papers with the Clerk of the Court, and again left the Courthouse without
making an appearance in Court.  [Ex 3, 12/7/17 Tr. p. 2].  Once it was clear
that Radin had once again left the Courthouse without appearing in Court, the
Court again held a recorded conference with the Government and Mr. Davis
present.[3]  [Ex 3, 12/7/17 Tr. p. 3].  The Court and the Government once
again memorialized what had taken place in the case, and the Government
then requested that the Court proceed with the trial *in absentia*, or in the
alternative, that the Court issue a warrant for Radin's arrest.  [Ex 3, 12/7/17
Tr. p. 9].  The Court denied the Government's request to proceed with the trial
*in absentia* and took the Government's request for an arrest warrant under
advisement.  [Ex 3, 12/7/17 Tr. pp. 9-10].  Later that day, the Court issued a
warrant for Radin's arrest.  [Docket # 21].  This case was then reassigned to
Judge Bongiovanni.[4]  *[handwritten: → because of impermissible ex-parte communications]*

*[handwritten right margin: And again, No lawful summons]*

On December 12, 2017, Radin was arrested and made her Initial
Appearance before Judge Bongiovanni.  [Docket # 22-24]  At that time, the
Court set a trial date for January 5, 2018.  [Docket # 22].  Thereafter, Radin
filed a flurry of motions seeking to delay the trial.  [Docket # 29-47.]  All of
these motions were denied, and the trial was set for April 16, 2018.  [Docket #
48-49].  *[handwritten: → Arrest was unlawful, And without an extradition hearing]*

On April 16, 2018, a non-jury trial was held before Judge Bongiovanni.
[Ex. 4, 4/16/18 Tr.]  At trial, Deputy Marshall Holland described how and why
he approached Radin in the Courthouse on August 10, 2017, that Radin
responded by becoming loud and belligerent, that he then asked Radin to leave
the Courthouse but Radin refused, and that he then placed Radin under
arrest.  [Ex 4, 4/16/18 Tr. pp. 11-52]  The Government also introduced
photographs of the Courthouse and surveillance videos of the events.  [Ex 4,

*[handwritten left margin: No evidence that Holland is a Marshal]*

---

[3] As Mr. Davis had not yet been appointed as Radin's stand-by counsel, he did not enter an
appearance.  [Ex 3, 12/7/17 Tr. p. 3].  *[handwritten: → Fraud, the ex-parte communication was admitted]*

[4] There is no indication in the record for the reason the case was transferred from Judge
Goodman to Judge Bongiovanni.

*[handwritten bottom: - Bongiovanni admitted to the ex-parte communications]*
*[handwritten: The order was obtained unlawfully And is void, I do Not have to obey it.]*

Hon. Anne E. Thompson
October 12, 2018
Page 4

*[handwritten: CONjectuRE, dealing is I.D.' of and his badgE, And concealing Holland and oath of officE; and no evidence that is he a]*

4/16/18 Tr. pp. 27, 30]. Radin contested each and every element of the offense, including asserting that the Courthouse was not Federal Property and that Deputy Marshall Holland was not a Federal Employee. [Ex 4, 4/16/18 Tr. 58-60, 67, 80-82, 89, 91]. Radin then testified at length, setting forth her version of events. [Ex 4, 4/16/18 Tr. 97-169]. The Government, Radin and Mr. Davis each were permitted to make closing arguments.[5]

*[handwritten right margin: deputy marshal other than fabrication]*

After the evidence and arguments were presented, the Court found Radin guilty of Disorderly Conduct, in violation of 41 CFR §102-74.390. [Docket #48]. The Court made detailed findings regarding the evidence proving the elements of the offense charged.[6] [Ex 4, 4/16/18 Tr. pp. 195-200]. The Court found that the Courthouse was a Federal Institution [Ex 4, 4/16/18 Tr. p. 196]; that Radin had notice of the regulations, which were posted in the lobby of the Courthouse [Ex 4, 4/16/18 Tr. p. 196]; that Radin should have been aware of Deputy Marshall Holland's authority; [Ex 4, 4/16/18 Tr. pp. 196-7]; and that Radin "became a nuisance, she obstructed the corridor, she obstructed the coffee shop, she caused all of our officers to leave their other duties" [Ex 4, 4/16/18 Tr. p. 199]. The Court concluded:

*[handwritten right margin: fabrication]*

*[handwritten left margin: - NO I.D. - NO badgE - NO oath of officE]*

> I find that the provisions of the 41 CFR, of the Code
> of Federal Register, 102-74.390 have been met. I find Ms.
> Radin is guilty of having caused a disturbance on August 10th.
> That she obstructed, by her disturbance, the corridors, and
> the business, and the decorum of this courthouse. And it
> disrupted, again, not just the U.S. Marshal, but upwards of
> five other court security officers from their other duties in
> this courthouse.

*[handwritten right margin: He violated the profession 8.3, Rule of professional Conduct, Reporting professional Misconduct]*

---

[5] Radin's demand that Mr. Davis not be paid is baffling given his exemplary conduct as her stand-by counsel. Not only did Radin repeatedly confer with Mr. Davis before and during trial, but she also requested that he deliver a closing argument on her behalf (over the Government's objection). (See Ex 4, 4/16/18 Tr. pp. 185-193].

[6] 41 C.F.R. § 102–74.390 provides as follows: All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that — (a) Creates loud or unusual noise or a nuisance; (b) Unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; (c) Otherwise impedes or disrupts the performance of official duties by Government employees; or (d) Prevents the general public from obtaining the administrative services provided on the property in a timely manner. In addition to proving one or more of the above, the Government must show that the regulations in question were posted "in a conspicuous place" as required by 40 U.S.C. § 1315(c) and 41 C.F.R. § 102–74.365.

*[handwritten: → MAGisTRATE BoNgiovANNi enForced unlawful orders from magistRATE GoodmAN]*

*[handwritten: Case started as a stimulation of a legal process, a crime]*

Hon. Anne E. Thompson
October 12, 2018
Page 5

*[handwritten: Fraud, I filed a Notice, And Never got a scheduling order]*

[Ex 4, 4/16/18 Tr. p. 200].

Sentencing was then scheduled for May 7, 2018. [Docket #48]. However, Radin then filed another flurry of motions seeking to delay sentencing. [Docket #52-54, 56-60]. Ultimately, on July 18, 2018, Radin was sentenced to twenty days' incarceration. [Docket # 69]. Imposition of the sentence was stayed pending this appeal. [Docket # 69].

### Argument

*[handwritten: Fraud]*

On August 2, 2018 Defendant filed her appellate brief ("Defendant's Brief"). Defendant's Brief sets forth six numbered points, each based upon Radin's assertion that the Government had improper *ex parte* communication with Judge Goodman on October 25, 2017. Points 1, 4, and 5 seek reversal based upon the allegedly improper communication. Point 2 requests a stay of these proceedings to permit Radin time to complain to the FBI and "authorities in Washington" about the allegedly improper communication. Point 3 requests that the Court not pay Radin's stand-by counsel, Mark Davis, Esq., apparently based on his participation in the allegedly improper *ex parte* conversation. Point 6 asserts that Judge Bongiovanni is "conflicted" apparently based upon her enforcement of Orders entered by Judge Goodman.[7]

*[handwritten: Gribko broke the law]*  *[handwritten: No lawful summons]*

There is no basis to stay these proceedings and Defendant's application for a stay should be denied. Furthermore, the *ex parte* conversation about which Radin complains was appropriate. The *ex parte* conversation at issue was necessitated by the fact that Defendant refused to appear, occurred in the presence of Defendant's stand-by counsel and was placed on the record. It was permissible because it concerned scheduling and administrative aspects of the case and did not address substantive matters. Even if the communication had been such that it might raise a question as to Judge Goodman's impartiality, the appropriate remedy would have been the removal of Judge

*[handwritten: Fraud]*  *[handwritten: Fraud]*

*[handwritten: who colluded]*  *[handwritten: Nope, the remedy is to put those communications]*

---

[7] Defendant's Brief raises no other grounds for this appeal, which is unsurprising given the detailed record and findings made by the trial Court. To the extent that Radin attempts to set forth additional issues in her reply brief, this Court should decline to consider those arguments because Radin has waived them by failing to raise them in her opening brief. *See United States v. Hoffecker*, 530 F.3d 137, 162 (3d Cir. 2008) (discussing "the requirement that an appellant raise an issue in his opening brief or else waive the issue on appeal").

*[handwritten: This is the scam/con]*

Similarly, the Court should reject any attempt by Radin to recast any of the unsupported assertions peppered throughout Defendant's Brief as new appellate issues. *See, Hoffecker*, 530 F.3d at 162 ("This one-sentence footnote falls far short of meeting the requirement that an appellant raise an issue in his opening brief or else waive the issue on appeal.").

*[handwritten: on-the-record, And give me the opportunity to rebut them]*

*[handwritten top margin: Magistrate Bongiovanni enforced unlawful orders]*

Hon. Anne E. Thompson
October 12, 2018
Page 6

*[handwritten left margin, vertical: AUSA Gribko violated Rules of Professional Conduct 3.3, 3.5, 3.4 → 3.4 obstruction of justice]*

Goodman from these proceedings, which actually occurred, and so this issue is moot.  Accordingly, Defendant's appeal must be denied.

### 1. **Standard of Review**

*[handwritten: As here, is Holland a Federal Protective Service employee?]*

A defendant is not entitled, on appeal, to a trial *de novo* by a district judge.  Fed. R. Crim. P. 58(g)(2).  Rather, the scope of an appeal from a judgment entered by a magistrate judge "is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).  On appeal after a non-jury trial, the reviewing court applies "*de novo review*" to the legal determinations made by the Magistrate Court and "clear error" review to factual findings.  *United States v. Solorzano*, No. 06-922, 2008 WL 5451040 (D.N.J. Dec. 30, 2008).  A finding is clearly erroneous when the "court is left with the definite and firm conviction that a mistake has been committed."  *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972).  Under the clearly erroneous standard, a judge's finding of fact must be upheld unless it "(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data."  *United States v. Antoon*, 933 F.2d 200, 204 (3d Cir. 1991) (quoting *Krasnov*, 465 F.2d at 1302).

*[handwritten right margin, vertical: obstruction RPC 3.4(a) + conceal documents]*

*[handwritten: Where is Holland's I.D, badge and oath of office?]*

### 2. **Defendant's Request for a Stay Should be Denied**

*[handwritten left margin: Federal Jury Grand Jury]*

Radin requests a stay of these proceedings "pending the outcome of complaints to the FBI, and to authorities in Washington."  (Defendant's Brief Point 2).  Apparently, Defendant believes that she can stop the criminal proceedings against her simply by sending an e-mail to the FBI and filing a tort claim against Judge Bongiovanni.  *[handwritten: Inspector General regarding AUSA Gribko breaking the law]*

Radin cites no precedent to support her request for a stay under these circumstances, and the Government has been unable to locate any.  Similar attempts by Radin to stay the proceedings in this case have been considered and rejected in the two previous appeals filed by Radin in this case.  *See United States v. Radin*, 17-cr-00494 (AET) (Docket # 5, 6, 7 and 8); *United States v. Radin*, 18-cr-00209 (AET) (Docket # 1 and 2).  Moreover, Defendant's sentence has already been stayed pending appeal.  [Docket # 69].

Accordingly, Defendant's request for a stay should be denied.

*[handwritten bottom: → AUSA Gribko cannot break the law at the same time he purports to uphold the law.  → Notice to Appear = mail fraud; case started as a stimulation of a legal process, a crime.]*

Hon. Anne E. Thompson
October 12, 2018
Page 7

*[handwritten: FRAUD, I NEVER filed AN Appeal, I filed A Notice of Appeal AND NEVER got a scheduling ORDER]*

### 3. **Defendant's Challenge To The Judgment Of Conviction Fail.**

Underlying all of Radin's bases for her appeal is her assertion that the proceedings against her are void and must be dismissed because Judge Goodman engaged in *ex parte* communication with the Government. This argument fails for two reasons. First, the *ex parte* communication about which she complains was entirely appropriate. Secondly, even if the communication had been such that it raised a question as to Judge Goodman's impartiality, any possible prejudice was cured when the case was thereafter transferred from Judge Goodman to Judge Bongiovanni. *[handwritten: → who unlawfully enforced void orders]*

### a. *The Ex Parte Communication Was Entirely Appropriate.*

Radin's blanket indictment of *ex parte* communication is unsupported by law. *See, e.g., In re Prudential Ins. Co. Am. Sales Practices Litig. Agent Actions*, 278 F.3d 175, 182, n. 5 (3d Cir. 2002) (stating that "any reasonable attorney would have understood that Judge Wolin could permissibly engage in *ex parte* communication in a complex class action"); *United States v. Craven*, 239 F.3d 91 (1st Cir. 2001) ("not every ex parte contact between a judge and a court-appointed expert" is improper) *Aiken County v. BSP Div. of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989); *Price Bros. Co. v. Philadelphia Gear Corp.*, 629 F.2d 444, 446 (6th Cir. 1980), ("not every ex parte communication to the trial court" is impermissible"). Although, as discussed below, a judge may be disqualified for a lack of impartiality under 28 U.S.C.A. § 455(a) for bias because of improper *ex parte* communication, a judge's *ex parte* contact does not, in itself, evidence judicial bias. *See Getsy v. Mitchell*, 495 F.3d 295 (6th Cir. 2007). *See also In re Brooks*, 383 F.3d 1036 (D.C. Cir. 2004) (noting that recusal not warranted where the *ex parte* communication would not cause a reasonable and informed observer to question the judge's impartiality).

*[handwritten: → AUSA Gribko and Magistrate Goodman are talking about how they can get me, we could do this to her, we could do that to her, Not placed on-the-record]*

The Code of Conduct for United States Judges provides in pertinent part that:

(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized *ex parte* communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the

*[handwritten: → CAN NEVER be placed on-the-RECORD because it WAS secret, in chambers discussion as Gribko's guilty mind, let slip, dishonest people]*

Hon. Anne E. Thompson
October 12, 2018
Page 8

*[handwritten: We KNOW because of GRibko's the presence of guilty mind, let it slip, who believes them]*

parties an opportunity to respond, if requested. A judge may:

(a) initiate, permit, or consider *ex parte* communications as authorized by law;

(b) when circumstances require it, permit *ex parte* communication for scheduling, administrative, or emergency purposes, but only if the *ex parte* communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication.

Code of Conduct for U.S. Judges, Canon 3 § A(4) (2014). *[handwritten: wholesale FRAUD]*

Here, Radin was given a full right to be heard at the October 25, 2017 proceeding, as well as every other proceeding in this case. Not only was she given ample notice of the time and place of each of the proceedings in this case, but Judge Goodman even offered to allow her to participate by telephone, if Radin wished. [Ex 1, 10/25/17 Tr. p. 2]. However, Radin refused all such invitations and voluntarily absented herself from the proceedings. *[handwritten: the lawyer who was sued by his client?!]*

Radin also was promptly notified of the subject matter of the communication. Not only was stand-by counsel present on October 25, 2017, for the *ex parte* communication about which Radin complains but the substance of that communication was immediately thereafter paced on the record. That is how Radin is aware of the *ex parte* communication. *[handwritten: How would we KNOW whAt took place in chAmbers?]*

Moreover, the *ex parte* communication about which Radin complains only involved "scheduling, administrative, or emergency purposes." It concerned how the Court could and should proceed with this case. The sole purpose of the discussion was scheduling and administrative matters. Specifically, what events were to be scheduled, when should they be scheduled, and what process should be used to get the Defendant to attend. There is no indication whatsoever that any substantive matters were discussed. *[handwritten: How mAny discussions when? How would we KNOW?]*

Finally, the Government did not gain any procedural, substantive, or tactical advantage as a result of the *ex parte* communication. Indeed, Judge Goodman denied the Government's applications to proceed *in absentia*, and the Government's initial requests for an arrest warrant. [See, Docket # 3 (10/25/17 Order to Appear) # 11 (11/16/17 Order to Appear); and # 21 (12/7/17 Arrest Warrant)]. As discussed in more detail below, any hypothetical advantage would have been lost when the case was transferred to *[handwritten: We CAN Never KNOW]*

*[handwritten: the lAwyeR(s) who did NOt RepoRt the misconduct?!]*

*[handwritten top: These proceedings started as mail fraud, and proceeded as a stimulation of a legal process, a crime]*

Hon. Anne E. Thompson
October 12, 2018
Page 9

Judge Bongiovanni, in December, 2017, before any substantive proceedings took place in this matter. *[handwritten: Did not obtain the jurisdiction of the court]*

Thus, the *ex parte* communication in this matter was entirely appropriate, and on that basis, Defendant's appeal should be denied.

*[handwritten left margin: Judges just don't walk off cases!!]*

b. *Any Possible Prejudice Was Cured When The Case Was Transferred From Judge Goodman To Judge Bongiovanni.* *[handwritten: How? Why? Where are the orders?]*

Even if the *ex parte* communication in this case had been such that it might raise a question as to Judge Goodman's impartiality, the remedy would have been the recusal of Judge Goodman. *See, e.g., In re Kensington Int'l Ltd.*, 368 F.3d 289 (3d Cir. 2004); *Getsy*, 495 F.3d 295; *In re Brooks*, 383 F.3d 1036. As this case was transferred from Judge Goodman to Judge Bongiovanni before any substantive proceedings occurred, Radin could not have been prejudiced, and the issues that Radin raises in her appeal are moot.

28 U.S.C.A. § 455(a), provides that, "any justice, judge or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality must reasonably be questioned." This is an objective, rather than a subjective standard: "[i]f a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *In re Kensington Int'l Ltd.*, 368 F.3d at 301 (*citing Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004)); *accord Liteky v. United States*, 510 U.S. 540, 548 (1994) (Claims of bias must be "evaluated on an objective bias, so that what matters is not the reality of bias or prejudice but its appearance.").

*[handwritten: Please, these two are liars]*

Here, the allegedly improper *ex parte* communication about which Radin complains took place between the Government and Judge Goodman in October, 2017. Thereafter, this case was reassigned to Judge Bongiovanni. Radin admits this in her papers. (Defendant's Brief p. 1). Although there is no basis to assume that Judge Goodman was "recused or was removed for bias," as Radin claims, Judge Goodman was removed from the case, nevertheless. Thus, Radin's appeal is moot. *[handwritten: Gribko says he is a liar.]*

*[handwritten: No one believes anything]*

Radin does not identify any *ex parte* communication between the Government and Judge Bongiovanni. Nor could she. Judge Bongiovanni did not participate in any *ex parte* communication whatsoever. [Ex 4, 4/16/18 Tr. pp. 54-55]. Radin's sole basis for alleging that Judge Bongiovanni is biased is based upon Judge Bongiovanni's rulings in this case (specifically, her enforcement of Orders entered by Judge Goodman). This is not an appropriate

*[handwritten left margin: U.S. v. Lee, they are creatures of the law, they break the law they go by it!]*

*[handwritten right margin: pure of guilty mind ... presence of]*

*[handwritten bottom: orders obtained through illegal communications where the prosecutor conspired with the judge and got caught, by his guilty conscience]*

Hon. Anne E. Thompson
October 12, 2018
Page 10

*[handwritten: Judge Greenaway, at the 3rd circuit, is an adjunct professor at Yeshiva University's law school. Yeshiva University was found to discriminate on the basis of religion, and stipulated to federal hate crimes, and discrimination. As per the American B.A.R. Association, Judge Greenaway can resign from Yeshiva or the bench.]*

basis. *See, Groeber v. Friedman & Schuman P.C.*, 602 F. App'x 69, 70 (3d Cir. 2015) ("To warrant reassignment, a case must generally involve apparent bias from an extrajudicial source, above and beyond judicial rulings or opinions formed in presiding over the case.") Generally, recusal involves information garnered or biases formed outside of the courtroom. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Selkridge*, 360 F.3d at 167 (*citing Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Accordingly, Radin's appeal must be denied because it is moot and any possible prejudice was cured when the case was transferred from Judge Goodman to Judge Bongiovanni. *[handwritten: → enforced void orders.]*

*[handwritten: AKA Gribko never obtained jurisdiction.]*

## CONCLUSION

*[handwritten: Case is a fraud.]*

For the reasons set forth above, Defendant Lidya Radin's appeal must be denied.

*[handwritten: He cannot hold both positions as a judge.]*

*[handwritten: dis-barred + criminally charged]*

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

R. Joseph Gribko
By: R. Joseph Gribko
Assistant U.S. Attorney

cc: Lidya Radin (by Federal Express)
Mark Davis, Esq. (by e-mail)

*[handwritten: Bongiovanni colluded and conspired in concealing evidence - Holland's ID - badge - oath of office And fabricated a ruling about Judicial Notice, please, Judicial Notice is a rule of evidence that allows a fact to be introduced into evidence if the truth is so well known that it cannot be doubted: Holland has not produced his badge, I.D., or oath of office, or his badge number.]*



FedEx carbon-neutral
envelope shipping

FRI - 26 OCT
PRIORITY OVERNIGHT

0200   8120 9578 4924

E2 TTNA

FID 75823 250CT18 LLYA 563C1/08F8/8C6A

**FedEx Express**
**Package US Airbill**
FedEx Tracking Number 8120 9578 4924
0200   Recipient's Copy

**1 From**
Date 10/25/18

Sender's Name Lidya Radin   Phone 516-445-4390

Company c/o Friendly 203 W. 107th St #8A

Address

City NY   State NY   ZIP 10025

**Your Internal Billing Reference**

**2 To**
Recipient's Name Clerk of Court   Phone

Company Clarkson S. Fisher Building + U.S. Courthouse

Address 402 East State Street

City Trenton   State NJ   ZIP 08608

**4 Express Package Service**   *To most locations.*
Packages up to 150 lbs.
For packages over 150 lbs, use the FedEx Freight US Airbill.

Next Business Day
☐ FedEx First Overnight
☐ FedEx Priority Overnight ✕
☐ FedEx Standard Overnight

2 or 3 Business Days
☐ FedEx 2Day A.M.
☐ FedEx 2Day
☐ FedEx Express Saver

**5 Packaging**   *Declared value limit $500.*
✕ FedEx Envelope*   ☐ FedEx Pak*   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling and Delivery Signature Options**
☐ Saturday Delivery
☐ No Signature Required
☐ Direct Signature ✕
☐ Indirect Signature

Does this shipment contain dangerous goods?
☑ No   ☐ Yes Shipper's Declaration not required.   ☐ Yes As per attached Shipper's Declaration.   ☐ Dry Ice
☐ Cargo Aircraft Only

**7 Payment** Bill to:
✕ Sender   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

Total Packages   Total Weight   Credit Card Auth.

644

8120 9578 4924